**Omari E. CLARK, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 651, 2011.**

Supreme Court of Delaware.

Submitted: March 6, 2013.
Decided: May 2, 2013.

---

9. *Tucker v. State,* 515 A.2d 398 (Del. Sept. 12, 1986)(table).

10. *Id.* at *1.

Joseph A. Hurley, Wilmington, Delaware, for appellant.

Gregory E. Smith and Maria T. Knoll (argued), Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

STEELE, Chief Justice:

In this appeal from a manslaughter conviction, we consider whether a trial judge improperly commented on the evidence when he instructed the jury and whether a defendant is entitled to a justification jury instruction for a crime that requires a reckless mental state. We reaffirm that jury instructions must be construed as a whole to determine whether a trial judge commented on the evidence and conclude that the trial judge's statements were proper. Next, we hold that 11 *Del. C.* § 470(a) does not bar a justification instruction for crimes requiring a reckless mental state and that judges should give a justification instruction, where appropriate, for those charges. Therefore we **REVERSE** the Superior Court's judgment and **REMAND** for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Wyatt Brower's Death

On June 29, 2010, Defendant–Appellant Omari Clark drove his daughter and his daughter's mother, Kanisha Brooks, to Vanessa and Wyatt Brower's home in Wilmington, Delaware. Brooks had begun dating Nigel Morris, who lived at that address. After leaving Brooks at the Browers' residence, Clark exchanged text messages with Brooks to try and convince her to leave with him. Later that evening, Clark returned to the house to see if Brooks was still there.

Vanessa[1] answered the door and called for Brooks, who did not respond. As Clark was leaving, Vanessa informed him that Brooks actually was in the house and would come outside to meet him. Brooks met Clark in the street in front of the house and the two began an argument that escalated into a physical altercation. Morris, who had been observing Brooks and Clark from a distance, went inside the house to rouse his family members. He returned with two of his uncles and Wyatt.

Once the other family members arrived, the situation further deteriorated. Wyatt told Clark that he planned to call the police, and Clark responded by pushing Wyatt and knocking Wyatt's phone from his hands. One of Morris's uncles retaliated by hitting Clark over the head with a chair.

Outnumbered, Clark fled up the block to his mother's house and decided to arm himself with a knife. Clark then returned to the Browers' home to retrieve his car, which remained parked outside the house. Morris and his uncles retreated into the house after seeing Clark holding the knife, and Clark drove away.

Despite successfully retrieving his car, Clark drove back to the Brower residence. At trial, Clark claimed that he was concerned for his daughter, who remained inside the house. Clark got out of the car holding the knife. Shortly after Clark arrived, Wyatt left the house holding a walking stick, which (Clark testified) he thought was a baseball bat. Wyatt broke the walking stick against the porch steps and told Clark to leave the property. According to Clark, Wyatt ran at Clark with the walking stick and swung it at him several times. Clark claimed he responded by swinging his knife, which caused him to stab Wyatt below his rib cage.

At that time, Morris and his uncles arrived and chased Clark away with a bed rail. They smashed Clark's car's windshield, but Clark escaped unscathed. Meanwhile, Wyatt bled to death from the knife wound. Police apprehended Clark several days later.

### B. Procedural History

A grand jury indicted Clark on the charge of Murder in the First Degree.[2] After a five-day trial, the trial judge instructed the jury on Murder in the First Degree,[3] as well as on the lesser-included offenses of Murder in the Second Degree[4] and Manslaughter. The trial judge instructed the jury on two theories of Manslaughter—Manslaughter arising from a defendant's reckless conduct and Manslaughter based on a defendant's intent to cause serious physical injury.[5] Because Clark raised a justification defense, the trial judge instructed the jury on justification as a defense to Murder in the First

---

1. Because multiple persons have the surname "Brower," we refer to them by their first names.

2. The grand jury also indicted Clark on the charge of Possession of a Deadly Weapon During Commission of a Felony (PDWDCF).

3. A defendant is guilty of first degree murder if "[t]he person intentionally causes the death of another person." 11 *Del. C.* § 636(a)(1).

4. A defendant is guilty of second degree murder if "[t]he person recklessly causes the death of another person under circumstances which manifest a cruel, wicked and depraved indifference to human life." *Id.* § 635(1).

5. A defendant is guilty of manslaughter if "[t]he person recklessly causes the death of another person" or if, "[w]ith intent to cause serious physical injury to another person[,] the person causes the death of such person, employing means which would to a reasonable person in the defendant's situation, knowing the facts known to the defendant, seem likely to cause death." *Id.* § 632(1), (2).

Degree, but he refused to give a justification instruction as a defense to Murder in the Second Degree or Manslaughter.

In the course of instructing the jury on Murder in the Second Degree, the trial judge stated that:

> Also, to be clear, while the definition of recklessly includes defendant's conscious disregard of a substantial and unjustifiable risk that death will result from his conduct, and so justifiability is involved in that sense, the defense of justification does not apply to reckless conduct because by definition recklessness is not justifiable. Defendant acted recklessly, [sic] it's not justified in terms of Murder [in the] Second Degree and Manslaughter. If he acted justifiably[,] then he was not reckless. As explained, only an intentional act is potentially justified by the defense of self-defense .... [6]

The jury convicted Clark of Manslaughter, but the jurors did not explain whether they convicted on the basis that Clark recklessly caused Wyatt's death or on the basis that he caused Wyatt's death while intending to inflict serious physical injury.[7] Clark appeals, arguing that the trial judge improperly commented on the evidence in the course of the jury instructions and erroneously refused to instruct the jury on a justification defense for Murder in the Second Degree and Manslaughter.

## II. STANDARD OF REVIEW

Clark did not object to the jury instructions that he contends impermissibly commented on the evidence, so we review those comments for plain error.[8] We review *de novo* a trial judge's determination whether a defense or lesser-included offense could apply to the case as a matter of law and whether the evidence supports a particular instruction.[9] If the trial judge alters a proposed instruction's content, form, or language, we review the decision to alter for abuse of discretion.[10]

## III. ANALYSIS

### A. Did the Superior Court Judge Improperly Comment on the Evidence?

Clark first argues that the trial judge committed plain error by commenting on the evidence in violation of the Delaware Constitution. Under the Delaware Constitution, "[j]udges shall not charge juries with respect to matters of fact, but may state the questions of fact in issue and declare the law." [11] This constitutional provision preserves the jury's role as the fact finder by preventing the judge from commenting on the evidence.[12] To constitute plain error, the error must be so prejudicial to substantial rights that it jeopardizes the fairness and integrity of the trial process.[13] The error must be a

6. App. to Opening Br. at A–55.

7. The jury also convicted Clark of PDWDCF.

8. *Small v. State*, 51 A.3d 452, 456 (Del.2012).

9. *Wright v. State*, 953 A.2d 144, 148 (Del. 2008). Before giving a particular jury instruction, a trial judge must determine that (1) the defense or lesser-included offense instruction sought by the defendant could apply as a matter of law; (2) "that the evidence presented meets the statutory requirements to entitle the defendant to the requested instruction;" and (3) that the proposed instruction's language, form, and content correctly states the applicable law. *Id.* at 147 (citing *Claudio v. State*, 585 A.2d 1278, 1282 (Del.1991)).

10. *Id.* at 148 (citations omitted).

11. Del. Const. art. IV, § 19.

12. *Herring v. State*, 805 A.2d 872, 875–76 (Del.2002) (citing *Lunnon v. State*, 710 A.2d 197, 201 (Del.1998)).

13. *Small*, 51 A.3d at 456 (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986)).

material defect that is apparent from the face of the record.[14] It must also be basic, serious, and fundamental in character, and must clearly deprive the defendant of a substantial right or show manifest injustice.[15]

In *Kostyshyn v. State*, we held that a trial judge did not improperly comment on the evidence where, while giving the jury supplemental instructions, he did not repeat the phrase "you must find that" before stating each element of the offense.[16] Viewed in isolation, the supplemental instructions appeared to tell the jury how to resolve a factual dispute.[17] We held that a reasonable juror would consider the written instructions and the supplementary instructions as a whole, and would not think that the judge intended to resolve a factual issue.[18]

*Kostyshyn* governs this case. Although the trial judge stated that the "Defendant acted recklessly, [sic] it's not justified in terms of Murder [in the] Second Degree and Manslaughter," that sentence must be viewed in context. Without inferring the word *if* at the beginning of the sentence, the statement is grammatically incoherent. Further, the trial judge next informed the jury that "[i]f he acted justifiably[,] then he was not reckless." If the trial judge were commenting on the evidence (*i.e.,* stating that Clark acted recklessly), it would make no sense for the judge to follow that comment by then telling the jury that it could find that Clark was *not* reckless if he acted justifiably.

In context, the trial judge's stray statement was not an impermissible comment on the evidence. As in *Kostyshyn,* while the statement might be troublesome in isolation, no reasonable juror would interpret a single ambiguous sentence without considering its context. The law does not presume that jurors are so myopic.

## B. Should the Trial Judge Have Instructed the Jury on Justification for the Lesser–Included Offenses?

### 1. Is a Justification Defense Available for Crimes Requiring a Reckless State of Mind?

Clark next contends that the trial judge erred when he failed to instruct the jury on a justification defense for Murder in the Second Degree and Manslaughter. The trial judge held that Clark had presented sufficient evidence to entitle him to a justification jury instruction for Murder in the First Degree. The judge concluded, however, that the justification defense was legally unavailable for crimes that required a reckless mental state.

The scope of the Delaware Criminal Code's justification defense is a question of statutory construction, in which we follow a well-settled process. "When construing a statute, we attempt to ascertain and give effect to the General Assembly's intent." [19] "If we determine that a

14. *Id.* (quoting *Wainwright,* 504 A.2d at 1100).

15. *Id.* (quoting *Wainwright,* 504 A.2d at 1100).

16. 51 A.3d 416, 423 (Del.2012). The supplemental instructions in *Kostyshyn* clarified whether the jury needed to find the defendant intended to stab the victim or intended that the victim fear that the defendant would stab him. *Id.* at 419. The trial judge stated that

"[m]y answer to your question is the intention is to place [the victim] in fear of imminent physical injury [sic]." *Id.*

17. *Id.* at 423.

18. *Id.* at 423.

19. *Sussex Cnty. Dep't of Elections v. Sussex Cnty. Republican Comm.,* 58 A.3d 418, 422 (Del.2013) (citing *Coastal Barge Corp. v.*

statute is unambiguous, we give the statutory language its plain meaning." [20] We presume that the General Assembly intentionally chose particular language and therefore construe statutes to avoid surplusage if reasonably possible. [21]

 We begin our analysis with 11 *Del. C.* § 461, which provides that a justification defense is available for all offenses. [22] A defendant may raise a justification defense if he uses deadly or nondeadly force in self defense. [23] The use of deadly force against another person is justified if, among other things, "the defendant believes that such force is necessary to protect the defendant against death [or] serious physical injury." [24] Therefore, unless another provision limits Section 461, the statute's plain language indicates that a justification defense is available for crimes that require a reckless mental state.

 Despite Section 461's broad scope, 11 *Del. C.* § 470(a) prohibits a justification defense under certain circumstances. Section 470(a) provides:

When the defendant believes that the use of force upon or toward the person of another is necessary for any of the purposes for which such relief would

establish a justification under [11 *Del. C.* §§ 462–68] but the defendant is reckless or negligent in having such belief or in acquiring or failing to acquire any knowledge or belief which is material to the justifiability of the use of force, the justification afforded by those sections is unavailable in a prosecution for an offense for which recklessness or negligence ... suffices to establish culpability. [25]

Section 470(a) provides that a defendant cannot rely on a justification defense if the defendant recklessly *believes* that the use of force is necessary. [26] Although the State focuses on the statute's final clause (*i.e.*, "justification ... is unavailable in a prosecution for an offense for which recklessness or negligence ... suffices to establish culpability" [27]), we must construe the statute as a whole. [28] So construed, the statute must be read to provide that justification is unavailable for offenses that require a reckless mental state *only if* the defendant's *belief* that force is justified is itself reckless. The statute does not preclude a justification defense for all crimes that require a reckless mental state, because it does not apply when the defendant reasonably believes that force is justified. [29]

*Coastal Zone Indus. Control Bd.*, 492 A.2d 1242, 1246 (Del.1985)).

**20.** *Id.* (citing *Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Mem. Hosp., Inc.*, 36 A.3d 336, 343 (Del.2012)).

**21.** *Id.* (citing *CML V, LLC v. Bax*, 28 A.3d 1037, 1041 (Del.2011)).

**22.** 11 *Del. C.* § 461.

**23.** *Id.* § 464.

**24.** *Id.*

**25.** *Id.* § 470(a). We note that Section 470(a) is substantively identical to the analogous Model Penal Code provision. *See Model Penal Code* § 3.09(2).

**26.** 11 *Del. C.* § 470(a).

**27.** *Id.*

**28.** *Sussex Cnty. Dep't of Elections v. Sussex Cnty. Republican Comm.*, 58 A.3d 418, 422 (Del.2013) (quoting *Taylor v. Diamond State Port Corp.*, 14 A.3d 536, 538 (Del.2011)).

**29.** The Supreme Court of Kentucky interpreted that state's justification statute similarly. *Elliott v. Commonwealth*, 976 S.W.2d 416, 419–420, 422 (Ky.1998) (quoting *Ky.Rev.Stat. Ann.* § 503.120(1)). While the Kentucky Penal Code uses "wantonly" instead of "recklessly" and "recklessly" instead of "criminal negligence," the definitions are substantively the same. *Compare Ky.Rev.Stat. Ann.* § 501.020(3), *with* 11 *Del. C.* § 231(e); *Ky.*

In addition to lacking textual support, the State's interpretation of Section 470(a) would render another statutory provision superfluous. Section 470(b) states that a defendant may not raise a justification defense where he recklessly or negligently created a risk of injury to third parties while justifiably using force against another person.[30] If Section 470(a) were a bar to a justification defense for all crimes requiring a reckless or negligent mental state, Section 470(b) would be superfluous—Section 470(a) would have already precluded this defense against any person, whether a bystander or not.[31]

Finally, the State's interpretation would produce perverse results. According to the State, a defendant who intentionally, but justifiably killed his assailant in self defense would be entitled to a complete acquittal on a Murder in the First Degree charge. Another defendant, who also act-ed in self defense but only intended to injure his assailant, would have no defense to a Manslaughter charge based on reckless conduct.[32] We do not think that the General Assembly intended to grant defendants who act in self defense with the intent to kill more opportunity to assert justifiable conduct than those who act in self defense without the intent to kill. Therefore we must reject the State's interpretation of Section 470(a).[33]

Although the State focuses its argument on Section 470(a), the trial judge did not explicitly rely on Section 470(a) when he refused to give the self-defense instruction for Murder in the Second Degree and Manslaughter. Instead, the trial judge relied on cases from other jurisdictions to hold that to instruct a jury on justification for a crime requiring a reckless mental state was inappropriate,[34] because the defi-

Rev.Stat. Ann. § 501.020(4), *with* 11 *Del. C.* § 231(a).

**30.** 11 *Del. C.* § 470(b).

**31.** *See Elliott*, 976 S.W.2d at 422.

**32.** *Alonzo v. State*, 353 S.W.3d 778, 781 (Tex. Crim.App.2011); *see also People v. McManus*, 67 N.Y.2d 541, 505 N.Y.S.2d 43, 496 N.E.2d 202, 206 (1986).

**33.** While we have previously affirmed trial court decisions where a jury received a justification instruction for an offense that required a reckless mental state, we have not squarely addressed this issue. *See Coles v. State*, 959 A.2d 18, 22 (Del.2008) (affirming a conviction where the trial judge gave a self-defense instruction, but not addressing whether the trial judge limited the self-defense instruction to Murder in the First Degree or whether it applied to each charge); *Fletcher v. State*, 852 A.2d 908, 2004 WL 1535728, at *3–4 (Del. July 2, 2004) (ORDER) (affirming a conviction where the defendant argued his self-defense claim precluded an instruction for offenses with a reckless mental state when the State contended the killing was intentional, but not analyzing whether recklessness is consistent with self defense). While the Superior Court has held that justification is a defense to Manslaughter, the judge did not describe which Manslaughter theory was at issue in the case. *See State v. Scott*, 1989 WL 90613, at *2 (Del.Super. July 19, 1989) ("Obviously self defense is available as a defense to a charge of manslaughter.").

**34.** The trial judge cited cases from Colorado, Washington, and Wyoming to support his conclusion. *See People v. Pickering*, 276 P.3d 553, 556 (Colo.2011) (citations omitted) ("[A]cts committed recklessly or with extreme indifference or criminal negligence are 'totally inconsistent' with [the affirmative defense of] self-defense.... [I]t is impossible for a person to act both recklessly and in self-defense, because self-defense requires one to act justifiably, ... while recklessness requires one to act with conscious disregard of an unjustifiable risk...."); *State v. Hanton*, 94 Wash.2d 129, 614 P.2d 1280, 1282 (1980) ("A person acting in self-defense cannot be acting recklessly."), *overruled on other grounds by State v. McCullum*, 98 Wash.2d 484, 656 P.2d 1064, 1073–74 (1983); *Duran v. State*, 990 P.2d 1005, 1009 (Wyo.1999) (holding that self defense is not a proper defense to criminal recklessness).

nition of "recklessness" itself involved just-ifiability. While instructing the jury on Murder in the Second Degree, the trial judge stated that:

> Also, to be clear, while the definition of recklessly includes defendant's conscious disregard of a substantial and unjustifiable risk that death will result from his conduct, and so justifiability is involved in that sense, *the defense of justification does not apply to reckless conduct because by definition recklessness is not justifiable.* Defendant acted recklessly, [sic] it's not justified in terms of Murder [in the] Second Degree and Manslaughter. *If he acted justifiably* [,] *then he was not reckless. As explained, only an intentional act is potentially justified by the defense of self-defense* . . . . [35]

The trial judge reasoned that because the Delaware Criminal Code states that a person acts *recklessly* "when the person is aware of and consciously disregards a substantial and *unjustifiable* risk that the element exists or will result from the conduct," [36] a defendant's conduct cannot be simultaneously both reckless and justified.

The Texas Court of Criminal Appeals recently addressed the same question under the Texas Penal Code. [37] In *Alonzo v. State*, the prosecution argued that the defendant killed the victim in the course of a prison fight. [38] The defendant contended that the victim grabbed a metal "spike" and attacked him, and, in the ensuing struggle, the victim was accidently stabbed in the chest and died. [39] The trial judge instructed the jury on self defense for intentional murder but informed the jury that self defense did not apply to man-slaughter because manslaughter could be committed recklessly. [40]

Like the trial judge in this case, the Texas court noted that a jury could not find that a defendant both acted recklessly and acted in justifiable self defense because reckless conduct by definition is not justifiable. [41] A defendant who raises a justification defense to a crime with a reckless mental state therefore argues that he did not have the requisite mental state for the crime. [42] The court noted the de-fendant's argument that he killed the vic-tim during the fight accidently instead of intentionally, and that self defense result-ing in death did not require that the defen-dant *intend* to kill the victim. [43] Therefore, the Texas court held that the trial judge erred by telling the jury that justification was a defense only to the intentional mur-der charge but not to the reckless man-slaughter charge. [44]

Presiding Judge Keller, concurring in the *Alonzo* judgment, added that, although

---

**35.** *App. to Opening Br.* A–55 (emphasis add-ed).

**36.** 11 *Del. C.* § 231(e) (emphasis added). The statute also requires that "[t]he risk must be of such a nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" and further notes that "[a] *person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto.*" *Id.*

**37.** *Alonzo*, 353 S.W.3d at 781.

**38.** *Id.* at 779.

**39.** *Id.*

**40.** *Id.* at 779–80.

**41.** *Id.* at 782.

**42.** *Id.*

**43.** *Id.* at 782–83.

**44.** *Id.* at 783; *see also State v. Hall*, 213 Conn. 579, 569 A.2d 534, 536–37 (1990) (holding that the trial judge erred by failing to instruct the jury on self defense as a defense to reck-less manslaughter).

a justification defense in a reckless crime merely negated the required mental state for the crime as opposed to being a traditional defense, a trial judge should still give a self-defense instruction.[45] She reasoned that judges could not reasonably expect jurors to parse the term "unjustifiable" to include a self-defense claim.[46] It was therefore inappropriate to instruct jurors that self defense was unavailable for a reckless crime and expect them simultaneously to consider self defense in determining whether the defendant's actions were unjustified, i.e., reckless.[47]

▮▮▮▮ We agree with the Texas Court of Criminal Appeals' opinion and the concurrence's concerns regarding jury instructions. Like the Texas statute, nothing in the Delaware Criminal Code limits the justification defense to crimes committed with an intentional or knowing mental state. Although the trial judge attempted to explain to the jury that "[i]f [Clark] acted justifiably[,] then he was not reckless," the judge also stated that "only an intentional act is potentially justified by the defense of self-defense" and that "the defense of justification does not apply to reckless conduct because by definition recklessness is not justifiable." A trial judge cannot expect lay jurors to intuit a justification defense within the word "unjustifiable" when the trial judge contemporaneously tells them that justification only applies to crimes requiring intent. Therefore, despite his well-intentioned attempt to clarify the standard, the trial judge erred by refusing to instruct the jury on

justification as a defense to Murder in the Second Degree and Manslaughter.

### 2. Should the Trial Judge Have Instructed the Jury on a Justification Defense for Manslaughter Based on the Intent to Cause Serious Bodily Harm?

▮▮▮▮ The State implicitly concedes that a justification defense is proper when the State charges a defendant with Manslaughter based on intent to cause serious bodily harm.[48] This is unquestionably correct: a defendant clearly could intend to inflict serious bodily harm in the course of justifiable self defense.[49] Because the trial judge failed to instruct the jury on justification, the State contends that any failure to instruct the jury on justification was harmless, because there is no evidence that Clark intended to inflict serious bodily harm. According to the State, the evidence indicates that Clark either intended to kill Wyatt or recklessly caused Wyatt's death, and there is no evidence supporting the theory that Clark intended to stab Wyatt, but did not intend to kill him.

▮▮▮ In *Henry v. State*,[50] we established a four-prong test governing when a trial judge should grant a party's request to include a jury instruction for a lesser-included offense. A trial judge should include a jury instruction for a lesser-included offense if: (1) the defendant makes a proper request; (2) the lesser-included offense contains some, but not all, of the elements of the charged offense; (3) the

---

**45.** *Alonzo,* 353 S.W.3d at 784 (Keller, P.J., concurring).

**46.** *Id.*

**47.** *See id.*

**48.** *See* Answering Br. 8 (citations omitted) ("Clark was not entitled to a justification in-

struction related to the reckless state of mind for manslaughter. But no evidence existed from which the jury could have found that Clark intended only to cause serious physical injury to Brower . . . .").

**49.** *See* 11 *Del. C.* § 464(a).

**50.** 805 A.2d 860 (Del.2002).

elements differentiating the two offenses are in dispute; and (4) there is some evidence that would allow a rational jury to acquit the defendant of the greater charge and convict him of the lesser charge.[51] A defendant satisfies *Henry's* fourth prong if there is "any evidence fairly tending to bear upon the lesser included offense," even if the evidence is weak.[52] Conflicting testimony regarding the element distinguishing the two offenses generally satisfies this standard.[53]

The State's only argument is that Clark did not meet *Henry's* fourth prong. Clark testified that he never intended to kill Wyatt. Although he admitted knowing that vital organs are located under the rib cage, he testified that he did not "calculate where [he] was going to stab [Wyatt]." Clark also points out that he only stabbed Wyatt a single time. The testimony and the circumstantial evidence presented established "some evidence" that would allow a rational jury to convict Clark of Manslaughter based on intent to inflict serious bodily harm and to acquit Clark of Murder in the First Degree.

This case differs from *Bentley v. State*, where we held that a defendant was not entitled to a Manslaughter instruction.[54] In *Bentley*, the defendant only argued that another person killed the victim, not that he killed the victim but intended only to inflict serious bodily harm.[55] Here, Clark disputed the claim that he intended to kill Wyatt. Because Clark presented sufficient evidence to warrant a jury instruction for Manslaughter based on the intent to inflict serious bodily harm, the trial judge erred by failing to instruct the jury on a justification defense for that charge.

---

**51.** *Bentley v. State*, 930 A.2d 866, 875 (Del. 2007) (quoting *Henry*, 805 A.2d at 864).

**52.** *Id.* (quoting *Henry*, 805 A.2d at 865).

**53.** *Id.*

## IV. CONCLUSION

For these reasons we **REVERSE** the Superior Court's judgment and **REMAND** for a new trial in accordance with this Opinion.