James MAYS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 33, 2013.

Supreme Court of Delaware.

Submitted: Sept. 4, 2013.
Decided: Sept. 19, 2013.

Santino Ceccotti, Esquire, Office of the Public Defender, Wilmington, DE, for appellant.

Andrew J. Vella, Esquire, Department of Justice, Wilmington, DE, for appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice:

The defendant-appellant, James Mays ("Mays"), was convicted, following a Superior Court jury trial, of one count of felony Promoting Prison Contraband. Prior to closing arguments, Mays requested the trial judge to instruct the jury on the lesser-included offense of misdemeanor Promoting Prison Contraband. That request was denied. The jury found Mays guilty of the single felony charge alleged in the indictment.

In this direct appeal, Mays has raised one claim of error. According to Mays, although he was charged with and convicted of felony Promoting Prison Contraband, the record reflects that there was a rational basis for the jury to find him guilty of the lesser-included offense of misdemeanor Promoting Prison Contraband. Mays' submits that the trial judge's failure to give that lesser-included instruction was reversible error.

We have concluded that Mays' argument is without merit. Therefore, the judgment of the Superior Court must be affirmed.

### Facts

On May 10, 2012, Correction Officer Luis Gomez ("Officer Gomez") was working in his capacity as a "shake-down" officer at the James T. Vaughn Correctional Center ("JTVCC") located in Smyrna, Delaware. As a "shake-down" officer, Officer Gomez and other members of the "shake-down" team were responsible for searching for contraband in various areas of the cor-

rectional facility, including prison cells and the inmates' persons. James Mays was an inmate being housed at JTVCC. On May 10, 2012, members of the "shake-down" team went to Mays' cell for the purpose of searching for contraband. Mays was not present in his cell at that time.

Officer Gomez learned that Mays was in the prison infirmary. Officer Gomez and Correction Officer Stephen Howard went to the infirmary and found Mays in the waiting area. Officer Gomez then directed Mays into a bathroom/shower area of the infirmary where Officer Gomez and Officer Howard conducted a strip search of Mays. During the course of the strip search Mays removed an object from his underwear and handed it over to Officer Gomez. The object was a sock which was knotted. Inside the knotted sock Officer Gomez found a cell phone and a cell phone charger wrapped in bedding material.

### Promoting Prison Contraband

Title 11, section 1256 of the Delaware Code provides, in part:

A person is guilty of promoting prison contraband when:

(3) Being a person confined in a detention facility, the person knowingly and unlawfully makes, obtains or possesses any contraband.

Promoting prison contraband is a class A misdemeanor except that if the prison contraband is a deadly weapon or any mobile, phone, cellular telephone, or other prohibited electronic device of any kind, it is a class F felony.

### Mays' Argument

Mays acknowledges that the State presented sufficient evidence to establish that he knowingly engaged in Promoting Prison Contraband. However, Mays contends that the question of whether he had the requisite *mens rea* to be convicted of the misdemeanor variation and not the felony should have been decided by the jury. Mays argues in his brief that "a jury could permissibly conclude that it was possible for Mays to have known he was in possession of contraband yet not have known it was a cell phone." Accordingly, Mays submits that the record in this case establishes that there was a rational basis to provide the lesser-included instruction for misdemeanor Promoting Prison Contraband.[1]

### Single Mens Rea

■ Mays contends that the felony Promoting Prison Contraband requires proof that he *knew* he was in possession of *specific* contraband, namely a cell phone, rather than contraband in general. However, the Promoting Prison Contraband statute prohibits the knowing possession of *any* contraband. For both the felony and lesser-included misdemeanor of Promoting Prison Contraband, the *mens rea* is "knowingly."[2]

The State only needed to prove that Mays knowingly possessed contraband. Mays acknowledges that hiding an object in a sock that was secreted within the groin area of his underwear demonstrates he was knowingly in possession of some form of prison contraband. The fact that Mays was charged with possessing a cell phone acts as a penalty enhancement. The State was required to prove that the item of contraband was a cell phone for the penalty enhancement.

### Jury Instruction

■ The trial judge properly denied the lesser-included instruction on the basis

---

1. *Henry v. State,* 805 A.2d 860, 864 (Del. 2002).

2. Del.Code Ann. tit. 11, § 1256.

that the requisite *mens rea* for both the lesser-included and the charged offense is identical in title 11, section 1256 of the Delaware Code. The jury was instructed as follows:

> ... to find the Defendant guilty of promoting prison contraband, you must find that that each of the following three elements have been established beyond a reasonable doubt:

> One, Defendant at the time alleged if the indictment was confined in a detention facility, and possessed contraband; and Defendant acted knowingly and unlawfully.

> "Contraband" as a matter of law includes any cellular telephone.

> Defendant "possessed" the contraband if it was consciously within his dominion and control. Or in other words, he knew then contraband was in his actual possession, meaning it was on his person and he knew it was there.

> "Detention facility" means any place used for the confinement of a person who has been charged with or convicted of any criminal offense. As a matter of law a Delaware correctional facility, or prison, is a "detention facility."

> "Knowingly" means Defendant knew or was aware that he possessed contraband in a detention facility.

The evidence presented at trial consisted of the testimony of two corrections officers who both testified that Mays was concealing the cell phone inside of a sock that was hidden in the groin area of his underwear. Given the evidence presented, the trial judge correctly instructed the jury when defining both "contraband" and the *mens rea* for the offense of Promoting Prison Contraband.

### Conclusion

The judgment of the Superior Court is affirmed.