

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### PD-1494-10

---

### JOSE ALONZO, Appellant

### v.

### THE STATE OF TEXAS

---

### ON DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### JEFFERSON COUNTY

---

Womack, J., delivered the opinion of the Court, in which Meyers, Johnson, Keasler, Hervey, Cochran, and Alcala , JJ., joined. Keller, P.J., filed a concurring opinion. Price, J., concurred in the judgment.

The appellant killed a fellow inmate in a prison fight. A jury convicted him of manslaughter. The Court of Appeals affirmed.[1] Because the trial court and the Court of Appeals misapplied the law of self-defense, we shall reverse.

---

[1] *Alonzo v. State*, 328 S.W.3d 19 (Tex. App.–Corpus Christi 2010).

## I. Background

### A. Trial

The appellant and Victor Rocha, both prisoners, engaged in a fight on June 30, 2006. The appellant testified that Rocha attacked him with a cable attached to a metal object, that the two engaged in a struggle, and that Rocha then dropped the cable and produced a metal "spike." The appellant testified that Rocha then attacked him with the spike:

> [W]e were struggling for it, right. When I reached for it, he grazed my arm … and that's when I grabbed him. I grabbed him and we're struggling. The next thing I know, I let him go and he's got a hole in his chest. It must have happened during the struggle or – I don't remember hitting him with it. Actually, I really never even had possession of the weapon. I had his hand, and we were so close fighting. So, it's, like I say, it could have been me that got stuck too with that weapon.

The jury was charged on two counts. The first alleged murder[2] and included manslaughter[3] and aggravated assault[4] as lesser-included offenses. The second count alleged possession of a deadly weapon in a penal institution.[5] The charge included a self-defense instruction that told jurors to acquit the appellant on the first count if they found he acted in self-defense.

Here, the record does not contain a record of the charge conference, so we do not know which party sought a manslaughter charge, but that is irrelevant for our analysis. The record does show that when the original charge was presented in open court, neither party objected.

---

[2] TEX. PEN. CODE § 19.02 (b)(1).

[3] TEX. PEN. CODE § 19.04. The distinction between murder and manslaughter in the Penal Code is that murder of the sort charged in this case requires a defendant to have intentionally or knowingly committed homicide, while a defendant need only have acted recklessly to be guilty of manslaughter.

[4] TEX PEN. CODE § 22.02.

[5] TEX. PEN. CODE § 46.10

During deliberations, the jury asked multiple questions of the court. In one, they asked, "If we find 'not guilty' of count 1 murder by reason of self-defense does that preclude us from considering the 2 lesser offenses in count 1?" Apparently,[6] the trial court responded: "In response to your question, the answer is 'NO,' you are not precluded from considering the lesser included offenses for Count I."

In another question, the jury asked: "Can self-defense be applied to all 3 offenses in count 1? i.e. can 'self-defense' be used as a reason for finding 'not guilty' to the 2 lesser included offenses in count 1?" The trial court responded: "In response to your question: Self-Defense does apply to Murder. Self-Defense does not apply to Manslaughter. Self-Defense does not apply to Aggravated Assault if the jury finds the defendant committed Aggravated Assault recklessly."

The jury convicted the appellant of manslaughter and possession of a deadly weapon in a penal institution and assessed punishment at 20 years for each offense.

## B. Appeal

On appeal, the appellant argued, among other points, that the trial court erred by instructing the jury that the justification of self-defense does not apply to the lesser-included offense of manslaughter. The Court of Appeals held that the trial court's instructions to the jury were correct and overruled this point of error.[7]

The Court of Appeals arrived at its conclusion by first observing, "Texas courts have

---

[6] The record does not contain a transcript of any hearings held to discuss these questions; thus we cannot be certain as to which of the court's responses matched up to which question. We have ordered the questions and answers here in the manner that appears most logical based on their content. However, the order in which the court sent back its answers is irrelevant for our analysis.

[7] *Alonzo*, 328 S.W.3d, at 27.

routinely noted that an individual cannot recklessly act in self-defense."[8] The Court continued:

> A person commits murder if he "intentionally or knowingly causes the death of an individual." Because self-defense is a justification to murder, an acquittal of murder on the basis of self-defense necessarily implies that the jury believed that the defendant intentionally or knowingly caused the death of an individual. Texas Penal Code section 19.04 provides that a person commits manslaughter "if he recklessly causes the death of an individual." Intentional or knowing conduct is distinct from reckless conduct, and an individual cannot simultaneously act intentionally and recklessly. Accordingly, we conclude that the trial court's instruction precluding the application of self-defense to manslaughter was not erroneous.[9]

We granted the appellant's petition to review this holding.

## II. Analysis

### A. Justification is a Defense to Prosecution

Chapter 9 of the Penal Code recognizes certain justifications that, under Section 2.03, are defenses to prosecution.[10] If there is some evidence that a defendant's actions were justified under one of the provisions of Chapter 9, the State has the burden of persuasion to disprove the justification beyond a reasonable doubt.[11]

The appellant raised evidence that he killed Rocha while acting in self-defense, a Chapter 9 justification.[12] If a fact-finder believes that a defendant's actions are justified under Chapter 9

---

[8] *Id*. (citing *Nevarez v. State*, 270 S.W.3d 691, 695 (Tex. App.–Amarillo 2008, no pet.) (where defendant in murder trial admitted purposefulness of actions that led to death and argued self-defense, he was not also entitled to manslaughter charge), *Martinez v. State*, 16 S.W.3d 845, 848 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd) (same), and *Avila v. State*, 954 S.W.2d 830, 843 (Tex. App.–El Paso 1997, pet. ref'd) (same)).

[9] *Id*. (citations ommitted).

[10] TEX. PEN. CODE § 2.03(a) ("A defense to prosecution for an offense in this code is labeled by the phrase: 'It is a defense to prosecution ...'"); TEX. PEN. CODE § 9.02 ("It is a defense to prosecution that the conduct in question is justified under this chapter.").

[11] TEX. PEN. CODE § 2.03(d).

[12] *See* TEX. PEN. CODE §§ 9.31 (Self-Defense), 9.32 (Deadly Force in Defense of Person).

(or has a reasonable doubt that the actions were justified under Chapter 9), the plain meaning of Sections 9.02 and 2.03 is that the fact-finder may not convict the defendant for an offense based on those actions. The trial court's supplemental instruction[13] advising the jury that it could consider the lesser-included offenses under Count I if it believed the appellant acted in self-defense was erroneous. The jury should have been instructed that if the State had not disproved self-defense beyond a reasonable doubt, they were to acquit the appellant of all charges in Count I.

## B. Justification is a Defense to Reckless Offenses

The Court of Appeals believed it is illogical for a defendant to argue self-defense when charged with an offense whose requisite mental state is recklessness. But there is nothing in Penal Code Section 2.03 or Chapter 9 that limits justification defenses to intentional or knowing crimes, nor do we have a reason to infer such a limitation.

Such a limitation would make possible at least one pernicious practice. Under the Court of Appeals's holding, a prosecutor confronting a defendant with a valid justification defense would be able to simply charge an offense with a lower mental state (*e.g.* manslaughter instead of murder) to win a conviction. But the plain language of Sections 2.03 and 9.02 makes justification a defense to prosecutions generally, not just to particular offenses. We find nothing in the Penal Code indicating that the legislature intended Chapter 9 justifications to merely result in a lesser conviction than would otherwise have been possible.

Moreover, it is not illogical to plead a justification defense to an accusation of a reckless

---

[13] *See Daniell v. State*, 848 S.W.2d 145, 147 (Tex. Cr. App. 1993) (trial court's substantive response to jury questions is a supplemental jury instruction).

offense.

An assertion of a Chapter 9 justification defense is an assertion that the defendant's actions were justified.[14] An assertion that a defendant acted recklessly is an assertion that the defendant was aware of and consciously disregarded a substantial and unjustifiable risk in gross deviation from the standard of care that an ordinary person would have exercised in those same circumstances.[15] A fact-finder therefore cannot find that a defendant acted recklessly and in self-defense.

But that does not mean, as the Court of Appeals determined, that a defendant cannot argue self-defense when charged with an offense whose requisite mental state is recklessness. The opposite is true: by arguing self-defense, a defendant is arguing that his actions were justified, and therefore he did not act recklessly.[16]

The cases cited by the Court of Appeals for the proposition that "Texas courts have routinely noted that an individual cannot recklessly act in self-defense"[17] all dealt with murder defendants who argued self-defense and then requested that the jury be charged with the lesser-included offense of manslaughter. The very reason for denying the manslaughter charges was that the defendants' evidence was that in committing the homicide they acted intentionally in self-defense, not merely recklessly. We do not call these cases into question.

---

[14] "It is a defense to prosecution that the conduct in question is justified under this chapter." TEX. PEN. CODE § 9.02.

[15] TEX. PEN. CODE § 6.03(c).

[16] *See Willis v. State*, 790 S.W.2d 307, 313-15 (Tex. Cr. App. 1990) (where statutorily enumerated defense would negate mental-state element and defendant has raised evidence supporting the defense, defendant is entitled to jury instruction on the defense).

[17] *See* Note 8, *supra*.

The Court of Appeals's conclusion seems to presume that the defendant's actions were reckless, and therefore could not be justified, but that is precisely the fact question that a defendant charged with a reckless offense would be asking the jury to decide: did he act recklessly, or were his actions justified?

### C. Deadly Self-Defense Does Not Require the Death to be Intentional

The State argues that because the appellant testified that he accidentally killed Rocha during the fight, instead of intentionally killing him, the appellant was not entitled to a self-defense instruction. This is a misunderstanding of the self-defense provisions of our Penal Code.

Penal Code Section 9.31(a) justifies the use of force "when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." Section 9.32 justifies the use of deadly force "if the actor would be justified in using force against the other under Section 9.31; and when and to the degree the actor reasonably believes the deadly force is immediately necessary to protect the actor against the other's use or attempted use of unlawful deadly force."[18] Section 9.01 defines "deadly force" as "force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury."[19]

The Penal Code does not require that a defendant intend the death of an attacker in order to be justified in using deadly force in self-defense.[20] Were we to infer such a requirement, it would create perverse incentives. Using the State's argument, an individual who would be

---

[18] TEX. PEN. CODE § 9.32(a)(1), (2)(A).

[19] TEX. PEN. CODE § 9.01(3).

[20] *See Martinez v. State*, 775 S.W.2d 645, 646-47 (Tex. Cr. App. 1989) (defendant in murder trial may receive self-defense instruction if he denies intent to kill).

justified in using deadly force but, in an attempt to use non-lethal force to end the confrontation, accidentally killed his attacker would be criminally liable; but an individual who would be justified in using deadly force and intentionally kills his attacker would not be criminally liable. We do not believe interpreting our self-defense statutes in a way that would provide more protection in cases of intentional homicide would accurately reflect the legislature's intent.[21]

The self-defense provisions in the Penal Code focus on the actor's motives and on the level of force used, not on the outcome of that use of force. If the actor reasonably believed that the force was necessary to protect himself against another's unlawful use of force, and the amount of force actually used was permitted by the circumstances, Sections 9.31 and 9.32 apply, regardless the actual result of the force used.

From the appellant's testimony, a rational fact-finder could determine that the appellant used deadly force[22] against another when and to the degree he reasonably believed the force was immediately necessary to protect himself against Rocha's use or attempted use of unlawful deadly force. That is all that the law requires to raise the issue of self-defense in these circumstances.

### III. Conclusion

The Court of Appeals erred by holding that a defendant can be convicted for a lesser-included offense when a fact-finder has acquitted the defendant for the greater offense based on a justification defense, and by holding that a defendant cannot raise the justification of self-defense

---

[21] *See Boget v. State*, 74 S.W.3d 23, 30-31 (Tex. Cr. App. 2002) (courts should interpret self-defense statute to encourage the use of restraint in defensive situations).

[22] *See Ferrel v. State*, 55 S.W.3d 586, 592 (Tex. Cr. App. 2001) (force that results in serious bodily injury or death is, by definition, deadly force).

when charged with manslaughter.

We remand this case to that Court for a harm analysis.

Delivered September 14, 2011.
Publish.