

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0849-11

**DEL RAY SANDERS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE NINTH COURT OF APPEALS
## POLK COUNTY

**JOHNSON, J., filed a dissenting opinion in which KELLER, P.J., joined.**

## D I S S E N T I N G   O P I N I O N

I write separately to point out the trial court's error in stating that appellant had to admit

killing Linnie in order to be entitled to a jury instruction on the lesser-included offenses of

manslaughter and negligent homicide and the state's error in supporting the trial court in its error.[1]

---

[1] Defense counsel: I have two more, Your Honor, the request for manslaughter instruction and the negligent homicide instruction.

The court: Doesn't he have to agree that he killed her first in order to get those?

. . .

The state: Judge, I would tend to agree with the Court on the status of the evidence in this case. I don't think there is any unequivocal admission on the defendant's part that he has caused the death of Linnie Sanders that would warrant giving of a manslaughter instruction. . . ."

This Court has been clear that, before becoming entitled to a jury instruction on defenses such as necessity, self defense, defense of third persons, protection of life or health, protection of property, and some other statutory justifications and defenses,[2] the defendant must admit the act alleged and then produce evidence that supports the appropriate defense. *See, e.g., Juarez v. State*, 308 S.W.3d 398 (Tex. Crim. App. 2010) (in trial for aggravated assault, defendant entitled to necessity instruction under Tex. Penal Code Ann. § 9.22 because he satisfied the confession and avoidance doctrine when he admitted biting an officer to get the officer off of him); *Alonzo v. State*, 353 S.W.3d 778 (Tex. Crim. App. 2011) (self defense); *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007) (The Good Samaritan defense is, on its face, a confession-and-avoidance or "justification" type of defense).

It is clear that confession and avoidance are required for many, if not most, legal defenses. *Cornet v. State*, ___ S.W.3d ___ (Tex. Crim. App. 2012) ("[T]his Court recently pronounced, in *Juarez v. State*, that 'the doctrine of confession and avoidance does not apply to all defensive issues.' . . . We clarified, in *Juarez*, that the defensive issues the doctrine does *not* apply to are those that 'by [their] terms, negate[] the culpable mental state' required for commission of the offense."). I have been unable to find a case that requires the same for jury instructions on lesser-included offenses. Indeed, to do so would produce an absurd result; a defendant charged with aggravated assault would have to admit to the charged offense in order to get an instruction on unaggravated assault. Or, as in this case, a defendant would be required to admit to murder before getting a jury instruction on manslaughter.

The Penal Code does not require that a defendant intend the death of an attacker in

---

[2] *See* TEX. PENAL CODE Chs. 8 and 9.

order to be justified in using deadly force in self-defense. Were we to infer such a requirement, it would create perverse incentives. Using the State's argument, an individual who would be justified in using deadly force but, in an attempt to use non-lethal force to end the confrontation, accidentally killed his attacker would be criminally liable; but an individual who would be justified in using deadly force and intentionally kills his attacker would not be criminally liable. We do not believe interpreting our self-defense statutes in a way that would provide more protection in cases of intentional homicide would accurately reflect the legislature's intent.

*Alonzo*, 353 S.W.3d at 783.

I would hold that the record reveals that appellant was entitled to the instructions on the lesser-included offenses and, because he was denied those instructions, is entitled to a new trial.

Filed: April 4, 2012
Do Not Publish