IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0849-11






DEL RAY SANDERS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


POLK COUNTY





 Johnson, J., filed a dissenting opinion in which Keller, P.J., joined.

 


D I S S E N T I N G O P I N I O N 



 I write separately to point out the trial court's error in stating that appellant had to admit
killing Linnie in order to be entitled to a jury instruction on the lesser-included offenses of
manslaughter and negligent homicide and the state's error in supporting the trial court in its error. (1) 
 This Court has been clear that, before becoming entitled to a jury instruction on defenses such
as necessity, self defense, defense of third persons, protection of life or health, protection of property,
and some other statutory justifications and defenses, (2) the defendant must admit the act alleged and
then produce evidence that supports the appropriate defense. See, e.g., Juarez v. State, 308 S.W.3d
398 (Tex. Crim. App. 2010) (in trial for aggravated assault, defendant entitled to necessity
instruction under Tex. Penal Code Ann. § 9.22 because he satisfied the confession and avoidance
doctrine when he admitted biting an officer to get the officer off of him); Alonzo v. State, 353
S.W.3d 778 (Tex. Crim. App. 2011) (self defense); Shaw v. State, 243 S.W.3d 647, 659 (Tex. Crim.
App. 2007) (The Good Samaritan defense is, on its face, a confession-and-avoidance or
"justification" type of defense).

 It is clear that confession and avoidance are required for many, if not most, legal defenses.
Cornet v. State, ___ S.W.3d ___ (Tex. Crim. App. 2012) ("[T]his Court recently pronounced, in
Juarez v. State, that 'the doctrine of confession and avoidance does not apply to all defensive issues.'
. . . We clarified, in Juarez, that the defensive issues the doctrine does not apply to are those that 'by
[their] terms, negate[] the culpable mental state' required for commission of the offense."). I have
been unable to find a case that requires the same for jury instructions on lesser-included offenses. 
Indeed, to do so would produce an absurd result; a defendant charged with aggravated assault would
have to admit to the charged offense in order to get an instruction on unaggravated assault. Or, as
in this case, a defendant would be required to admit to murder before getting a jury instruction on
manslaughter. 

 The Penal Code does not require that a defendant intend the death of an attacker in
order to be justified in using deadly force in self-defense. Were we to infer such a
requirement, it would create perverse incentives. Using the State's argument, an
individual who would be justified in using deadly force but, in an attempt to use non-lethal force to end the confrontation, accidentally killed his attacker would be
criminally liable; but an individual who would be justified in using deadly force and
intentionally kills his attacker would not be criminally liable. We do not believe
interpreting our self-defense statutes in a way that would provide more protection in
cases of intentional homicide would accurately reflect the legislature's intent.


Alonzo, 353 S.W.3d at 783. 

 I would hold that the record reveals that appellant was entitled to the instructions on the
lesser-included offenses and, because he was denied those instructions, is entitled to a new trial.


Filed: April 4, 2012

Do Not Publish
1. Defense counsel: I have two more, Your Honor, the request for manslaughter instruction and the negligent
homicide instruction. 

 The court: Doesn't he have to agree that he killed her first in order to get those?

 . . .

 The state: Judge, I would tend to agree with the Court on the status of the evidence in this case. I don't
think there is any unequivocal admission on the defendant's part that he has caused the death of Linnie Sanders that
would warrant giving of a manslaughter instruction. . . ."
2. See Tex. Penal Code Chs. 8 and 9.