**Opinion issued June 19, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00630-CR

————————————

**DARIUS JAMARR GRAVES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1334322**

---

## MEMORANDUM OPINION

A jury found Appellant, Darius Jamarr Graves, guilty of aggravated assault[1]

and assessed punishment at 40 year's confinement. In one issue on appeal,

---

[1] *See* TEX. PENAL CODE ANN. § 22.01 (Vernon Supp. 2013), § 22.02 (Vernon 2011).

Appellant argues the evidence is insufficient to establish his guilt because the State failed to disprove his claim he was acting in self-defense.

We affirm.

## Background

Appellant was with his girlfriend at an apartment complex in Houston, Texas on the night of January 19, 2012. He and his girlfriend got into an argument. At one point, Appellant shoved her away by pushing her face. She slapped him, and Appellant pushed her down, pinning her to the ground. Lonnie Jordan was in the apartment complex at the time and saw the altercation. Jordan told Appellant to "chill out." Appellant told Jordan to "get out of his business." Jordan then told Appellant he would not treat a man like that.

Appellant took Jordan's statement as a challenge and asked him why he was talking like that. Jordan then took a "fighting stance." Appellant made a flinching motion towards Jordan, and Jordan swung at Appellant. Appellant dodged Jordan's fist. He then punched Jordan in the head, knocking Jordan against the wall. He punched Jordan again in the jaw, knocking him to the ground. Appellant saw Jordan lying on the ground with a pool of blood forming around his head. Appellant then kicked Jordan with enough force to break Appellant's toe. Appellant then fled. Appellant later explained to a police officer that he kicked Jordan because he was in a rage.

2

Appellant was 29 years old at the time of the incident. He had training as a boxer and had competed in amateur boxing fights. Jordan was 47 at the time of the incident. His injuries rendered him unconscious. He suffered damage to his brain and had to learn to speak again. He is now confined to a wheelchair.

## Sufficiency of the Evidence

In his sole issue on appeal, Appellant argues the evidence is insufficient to establish his guilt because the State failed to disprove his claim that he was acting in self-defense.

### A.    Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)). This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071

(1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson,* 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton,* 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty

4

beyond a reasonable doubt. *See Powell v. State,* 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B.    Analysis**

Appellant does not dispute that the State presented sufficient evidence of the elements of aggravated assault. Instead, Appellant's argument focuses on whether the State sufficiently disproved that Appellant was acting in self-defense. "[A] person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (Vernon 2011).

Critical to our inquiry, self-defense is only available "to the degree" the use of force "is immediately necessary." *Id.* In other words, self-defense is available when "the amount of force actually used was permitted by the circumstances." *Alonzo v. State*, 353 S.W.3d 778, 783 (Tex. Crim. App. 2011); *see also Kelley v. State*, 968 S.W.2d 395, 399 (Tex. App.—Tyler 1998, no pet.) (holding amount of force must be in proportion to force encountered).

Here, Jordan was talking to Appellant, trying to get him to stop his aggression against Appellant's girlfriend. Jordan then suggested Appellant would not treat a man that way. By Appellant's own admission, Appellant acknowledged

5

this statement as a challenge and asked Jordan why he was talking like that. Jordan then took a "fighting stance."

Relying on his boxing training, Appellant flinched towards Jordan to provoke a response, dodged Jordan's sole swing, and punched Jordan hard enough to knock him into the wall. Appellant then hit Jordan with an upper-cut, hitting him in the jaw. Jordan fell to the ground and a pool of blood began to form around his head. After seeing this, Appellant kicked Jordan in the torso with enough force to break Appellant's toe. Appellant acknowledged the only reason for this kick was because he was in a rage.

Based on this evidence, the jury could have reasonably determined that Jordan was only inviting Appellant to fight him and was not otherwise an immediate threat. The jury could have also reasonably determined that the degree of force Appellant used in hitting Jordan was greater than the degree necessary to defend himself. Finally, the jury could have reasonably determined that Jordan was not a threat to Appellant when he lying motionless on the ground with blood coming out of his head and, as a result, no amount of force was reasonably necessary for Appellant to defend himself. Accordingly, there is sufficient evidence in the record for the jury to have determined that Appellant was not acting in self-defense.

We overrule Appellant's sole issue.

6

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).