

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-18-00155-CR

---

PEDRO SILVA                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1486502R

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Pedro Silva of (1) burglary of a habitation with the intent to commit aggravated assault, a felony, *see* Tex. Penal Code Ann. § 30.02(d) (West Supp. 2017); (2) engaging in organized criminal activity while committing aggravated assault with a deadly weapon, *see id.* § 71.02(a) (West Supp. 2017); and (3) unlawful possession of a firearm, *see id.* § 46.04(a) (West 2011). After

---

[1]*See* Tex. R. App. P. 47.4.

finding an enhancement paragraph true, the jury assessed Silva's punishment at 27 years' imprisonment and no fine for the first two offenses, and at 20 years' imprisonment and a $10,000 fine on the third. The trial court sentenced Silva in accordance with the jury verdicts and ordered the sentences to run concurrently. In Silva's first point, he contends that the evidence is insufficient to support the deadly-weapon finding in the second offense because the jury rendered inconsistent verdicts, and in his second point, he argues that the evidence is insufficient to support the award of court costs. We affirm.

## Discussion

Because Silva's sufficiency complaints are focused on two particular aspects of his case, we limit our discussion to them.

### Sufficient—even abundant—evidence supports the deadly-weapon finding in count two despite the jury's failure to make a deadly-weapon finding in count one.

Evaluating Silva's first point requires understanding what the State alleged in the indictment and what the jury found—and did not find—in its verdicts. In the first count, the State alleged that

> Pedro Silva, hereinafter called defendant, on or about the 2nd day of July 2016, in the county of Tarrant, State of Texas, did then and there intentionally or knowingly, without the effective consent of [the complainant], the owner thereof, enter a habitation with intent to commit aggravated assault,
>
> . . . .
>
> Deadly weapon finding notice: And it is further presented to said court that a deadly weapon, namely a firearm, was used or exhibited

2

during the commission of the felony offense or felony offenses set out above or during the immediate flight following the commission of the above felony offense or felony offenses and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited[.]

The jury found Silva guilty of count one but did not find, in the accompanying special issue, that Silva used or exhibited a deadly weapon while committing the offense. Consistent with the jury finding, the trial court did not make a deadly-weapon finding in the judgment.

Thereafter, in counts two and six (the State's having waived the remaining counts), the State alleged:

Count two: and it is further presented in and to said court that the defendant in the county of Tarrant and state aforesaid on or about the 2nd day of July, 2016, did with the intent to establish, maintain, or participate as a member of a criminal street gang or in a combination or the profits of a combination commit the offense of aggravated assault, by: intentionally or knowingly threatening imminent bodily injury to [the complainant] and the defendant did use or exhibit a deadly weapon during the commission of the assault, namely a firearm,

. . . .

Count six: and it is further presented in and to said court that the defendant in the county of Tarrant and State aforesaid on or about the 2nd day of July 2016, did intentionally or knowingly possess a firearm away from the premises where the defendant lived and prior to said possession the defendant was convicted of a felony offense, in cause number F-0416030-MW, on the 20th day of December 2005, in the 363rd Judicial District Court of Dallas County, Texas[.]

The jury also found Silva guilty of counts two and six. In the count two judgment, the trial court affirmatively found that Silva used a deadly weapon. *See Crumpton v. State*, 301 S.W.3d 663, 664 (Tex. Crim. App. 2009) (holding that

3

verdict's reference to indictment, which expressly alleged a deadly weapon, constituted a finding that the allegation was true). In the count six judgment (unlawful possession of a firearm), the trial wrote that a deadly-weapon finding did not apply. *See Narron v. State*, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992) (deleting deadly-weapon finding for possession-of-prohibited-weapon offense).

In Silva's first point, he argues that the evidence is insufficient to support the deadly-weapon finding in count two because the jury affirmatively did not find that he used a firearm in the special issue to count one; he argues that the findings that he both did and did not use a firearm in the two counts on the identical facts are inconsistent. Silva concedes there is persuasive authority against his position but argues that the authority is not controlling. Silva contends that the case that should control our decision is *Alonzo v. State*, 353 S.W.3d 778 (Tex. Crim. App. 2011).

We disagree that *Alonzo* is controlling. There, the defendant was charged with murder, and the jury charge authorized the jurors to convict him of murder or of the lesser-included offenses of manslaughter and aggravated robbery. *Id.* at 779–80. The problem in *Alonzo* was that the charge included a self-defense instruction for the murder offense, but the trial court said no when the jury specifically asked that if it found the defendant not guilty of murder by reason of self-defense whether it could consider self-defense when also deciding the lesser-included offenses. *Id.* at 780. The jury proceeded to acquit the defendant of murder, but it convicted him of manslaughter. *Id.* On review, the court of

4

criminal appeals held that the defendant was entitled to a self-defense instruction on the lesser-included offenses as well and remanded the case to the court of appeals for a harm analysis. *Id.* at 781, 783. On remand, the court of appeals held that the error was harmful, reversed the conviction, and remanded the case for a new trial. *Alonzo v. State*, No. 13-09-00395-CR, 2012 WL 4758061, at *6 (Tex. App.—Corpus Christi Oct. 4, 2012, no pet.) (mem. op., not designated for publication). But the real problem in *Alonzo* was charge error, not inconsistent verdicts. *See Alonzo*, 2012 WL 4758061, at *4. Assuming the jury in *Alonzo* found the defendant not guilty of murder by reason of self-defense, it never had the opportunity to consider self-defense when deciding the lesser-included offenses. In contrast, Silva is not arguing charge error; rather, he is arguing inconsistent verdicts, making *Alonzo* inapposite.

The persuasive authority to which Silva refers is *United States v. Powell*, 469 U.S. 57, 68–69, 105 S. Ct. 471, 478–79 (1984), and *Dunn v. United States*, 284 U.S. 390, 393, 52 S. Ct. 189, 190 (1932), *overruled on other grounds by Sealfon v. United States*, 332 U.S. 575, 68 S. Ct. 237 (1948),[2] both of which held that the law does not bar inconsistent verdicts. In *Powell*, however, the Court expressly addressed the issue not as a constitutional one but as part of its "supervisory powers over the federal criminal process." 469 U.S. at 65, 105 S. Ct.

---

[2]*Powell* addresses the portion of *Dunn* that is no longer good law. 469 U.S. at 64, 105 S. Ct. at 476.

at 477. For this reason, Silva maintains that these cases are merely persuasive, not controlling.

*Powell* and *Dunn* have nevertheless found their way into Texas jurisprudence. The court of criminal appeals has quoted them favorably for precisely this proposition. *See Guthrie-Nail v. State*, 506 S.W.3d 1, 6 n.27 (Tex. Crim. App. 2015). Our court, too, has relied on both *Powell* and *Guthrie-Nail* for the proposition that the law does not bar inconsistent verdicts. *See Hunsaker v. State*, No. 02-16-00331-CR, 2017 WL 4053897, at *4 n.12 (Tex. App.—Fort Worth Sept. 14, 2017, pet. ref'd) (mem. op., not designated for publication). And we have cited *Powell* favorably on another occasion. *See Collins v. State*, No. 02-09-00303-CR, 2010 WL 3433281, at *4 (Tex. App.—Fort Worth Aug. 31, 2010, pet. ref'd) (mem. op., not designated for publication).

In an earlier case out of our court, we rejected the proposition that apparently inconsistent verdicts were fatal. *See Pope v. State*, No. 02-05-00378-CR, 2007 WL 866232, at *7 (Tex. App.—Fort Worth Mar. 22, 2007 no pet.) (mem. op., not designated for publication) (citing *Ward v. State*, 113 S.W.3d 518, 523 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd)). In turn, *Ward* had relied on *Powell* for that proposition. 113 S.W.3d at 522–23. So the State argues that we effectively have adopted the *Powell* analysis. But *Pope* did not involve irreconcilably inconsistent verdicts. There, when specifically asked, the jury did not find that the defendant had used a "computer desk top" as a deadly weapon. 2007 WL 866232, at *7. Other evidence showed, however, that the defendant

6

had used a heavy pipe as a deadly weapon, so the court held that was sufficient to support the conviction. *Id.* at *6–7.

To the extent that we have not expressly adopted *Powell* before, we do so now. As the Supreme Court wrote, "Inconsistent verdicts . . . present a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored." *Powell*, 469 U.S. at 65, 105 S. Ct. at 477. The Court reasoned that it would not review inconsistent jury verdicts because of the State's "inability to invoke review, the general reluctance to inquire into the workings of the jury, and the possible exercise of lenity" by the jury. *Id.* at 68–69, 105 S. Ct. at 479. The Court observed that the defendant is given the benefit of the jury's verdict in the one count, "and it is neither irrational nor illogical to require [him] to accept the burden" of the jury's verdict on the other count. *See id.* at 69, 105 S. Ct. at 479. "[W]e note," the Court added, "that a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. This review should not be confused with the problems caused by inconsistent verdicts." *Id.* at 67, 105 S. Ct. at 478.

And in Silva's case, the evidence abundantly supports the deadly-weapon finding in count two. The complainant and a second witness testified that they saw Silva fire a gun inside the house. The complainant testified that Silva pointed the gun at him, that he felt threatened by Silva's use of the gun, and that he was scared that Silva intended to cause him imminent bodily harm. In addition to the

7

complainant, Silva threatened numerous other people in the house with the gun—namely, the complainant's brothers and his mother.

Silva even pointed the gun at and threatened the complainant's two-week-old puppy.

When the police arrested Silva in the complainant's kitchen, they found a small-caliber handgun in Silva's front pants pocket. Viewing the evidence in the light most favorable to the verdict, a rational factfinder could have easily found that Silva used a deadly weapon beyond a reasonable doubt.[3] *See Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

**After record supplementation,**
**the evidence supports the assessment of court costs.**

In Silva's second point, he contends that the evidence is insufficient to support the judgment's assessed court costs. He notes that the clerk's record does not contain a bill of costs and concludes that, without one, there is no evidence supporting the trial court's judgment.

In response, the State notes that a supplemental clerk's record containing the bill of costs was filed and that the amount therein matches the judgment amount. "[A] bill of costs is a relevant item that[,] if omitted from the record, can be prepared and added to the record via a supplemental clerk's record." *Johnson*

---

[3]In Silva's case, the ox getting gored was the State's, when the jury declined to find that Silva brandished a deadly weapon in connection with count one. Still, Silva's windfall in that regard may be nonexistent: the jury assessed identical 27-year sentences on both the first and second counts, and the trial court ordered them to run concurrently.

8

*v. State*, 423 S.W.3d 385, 392 (Tex. Crim. App. 2014). Once the bill of costs is properly added to the appellate record, the appellate court must consider it. *Id.* at 394.

We hold that the bill of costs in the supplemental clerk's record supports the judgment and thus that the evidence is sufficient. *See id.* at 396. We overrule Silva's second point.

### Conclusion

Having overruled both points, we affirm the trial court's judgments.

PER CURIAM

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 14, 2018