# NO. 12-17-00301-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LOUISE ANDERSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Louise Anderson appeals her conviction for murder. In one issue, she argues that the trial court erred in denying her request for a jury instruction on the lesser included offense of manslaughter. We affirm.

## BACKGROUND

Appellant was indicted for the murder of her boyfriend, John Pierce. She entered a plea of "not guilty" and the case proceeded to a jury trial. The State presented evidence that Appellant and Pierce were at a game room on December 14, 2015, the day of the murder. That evening, Appellant and Pierce got in an argument in the parking lot of the game room. During the argument, Appellant retrieved a firearm from her vehicle and shot Pierce one time in the chest. Pierce was taken to the hospital where he died from the gunshot wound.

At the scene, Appellant told several witnesses that Pierce physically assaulted her prior to her shooting him. She told investigators that, at the time of the shooting, she was seated in the driver's seat of her car and Pierce was standing next to her door, trying to pull her out of the car by her arm. At trial, Appellant claimed she acted in self-defense and the jury was instructed on the issue of self-defense. However, Appellant also requested a jury instruction on the lesser included offense of manslaughter. The State opposed a manslaughter instruction, and the trial

court declined to include the instruction in the charge. The jury found Appellant "guilty" and sentenced her to forty years of imprisonment. This appeal followed.

## JURY INSTRUCTION

In Appellant's sole issue, she argues the trial court erred by failing to include an instruction on the lesser included offense of manslaughter. She contends she was entitled to the charge based on evidence that (1) she only fired one shot, (2) she testified to not wanting to shoot Pierce, and thought she shot him in the leg, (3) she told the 9-1-1 operator she thought she shot him in the leg, (4) she tried to follow life-saving instructions from the 9-1-1 operator, and (5) when she could not manage on her own, she ran inside and asked for help.

The State argues that Appellant's theory of self-defense necessarily required her to admit to intentionally causing Pierce's death. The State further argues that even if Appellant's claim of self-defense did not preclude her from receiving a manslaughter instruction, the evidence does not support a manslaughter instruction.

### Standard of Review and Applicable Law

We review the trial court's denial of a lesser-included offense instruction for an abuse of discretion. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). Upon the defendant's request, the trial court must include a lesser-included offense instruction in the jury charge when (1) the requested charge is for a lesser-included offense of the charged offense; and (2) there is some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006). When determining whether the trial court properly denied a request for a lesser-included offense instruction, we review all of the evidence presented at trial. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a jury instruction on a lesser-included offense. *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012). "Although this threshold showing is low, 'it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted.'" *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011) (quoting *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)). "[T]he standard may be satisfied if some evidence refutes or negates other evidence

2

establishing the greater offense or if the evidence presented is subject to different interpretations." *Id.*

**The Evidence**

There was no dispute at trial that Appellant shot Pierce. After the State presented evidence, Appellant testified on her own behalf. She testified that Pierce started an argument with her earlier in the day and the argument was left unresolved. According to Appellant, she went to the game room that evening without knowing that Pierce would be present. She testified Pierce accosted her in the parking lot when she arrived at the game room and that Pierce became increasingly aggressive, both verbally and physically. She testified that Pierce threatened her and her family, and slapped, choked, shoved, and hit her. Appellant explained that the incident culminated in her shooting Pierce:

> Q: And then what happened?
>
> A: I'm holding onto my steering wheel. He's pulling me by my left arm. And I hung onto the steering wheel, trying to keep him from pulling me out of the car. And I told him, "Stop. You're hurting my arm. Let me go." He's like, "Get your ass out of the car." And I was like, "No, I'm not going with you." He's like, "Get your ass out of the car." I told him, "No, let me go. Please, John. Just stop. Let me go. I'm done." And he wouldn't stop pulling me. So I don't know even know what came over me. I was just like, "Okay. Okay. Stop. I'll get out. Let me get out by myself. I'll get out." And he let me go. So when he did, I repositioned myself in my car. And when I repositioned myself, I put my arm on the arm rest. And when I put my arm on my arm rest, I remembered that I had my gun in my car. And I opened my console. And when I opened my console, I made up my mind I was not getting out of the car. And I reached out to close my door. John's standing there. And I told him, I said, "John, please move. Let me go. Don't hit me anymore. Let me go."
>
> Q: What did he do?
>
> A: He told me to get my ass out of the car. And I told him, I said, "No, I'm not going." And I went to reach out, close the door. And he told me, if the door hit him, he would kill me. I'm pulling the door. The door hits him. And he reaches in and hits me upside the head.
>
> Q: Hit you upside of your head?
>
> A: Yes.
>
> Q: What did you do?
>
> A: I just reached over into my console, got my pistol, and fired one shot.

Appellant testified that after she shot Pierce, she called 9-1-1. She told Pierce to "hang on" and "I didn't want to shoot you…[I] asked you to stop hitting me." She further stated that she told

the 9-1-1 operator that she thought she shot Pierce in the leg. She clarified that she was not looking at Pierce when she shot him, but just grabbed the gun and shot quickly. Appellant testified that she did not intend to kill Pierce, and did not know that he would die when she pulled the trigger.

However, Appellant admitted that the shooting was not an accident, and that she shot Pierce to stop him. On cross examination, the following exchange occurred:

> Q: I understand. You didn't want him to die, correct?
>
> A: No, I didn't.
>
> Q: After you shot him—
>
> A: I didn't want to shoot him. I just wanted him to let me go home and leave me alone. That's all I wanted.
>
> Q: Would you agree with me that you knew that shooting him with a firearm could cause serious bodily injury or death?
>
> A: Yeah, I knew that.
> …
>
> Q: Are you aware that when you pulled the trigger of the 9-millimeter, pointed it at your boyfriend, that it was reasonably certain to cause his death or serious bodily injury?
>
> A: Yes, I know shooting somebody could do that.

The State theorized that Appellant shot Pierce because she was angry and jealous. The State presented evidence that Appellant was jealous over Pierce's relationships with other women. Further, the State's evidence contradicted Appellant's explanation of how the shooting took place. The State pointed out that investigating officers observed no marks or injuries on Appellant the night of the murder, despite her description of a violent encounter prior to the shooting. Further, the medical examiner testified that the trajectory of the bullet through Pierce's body was front to back, left to right, and downward. The State's crime scene expert, Investigator Noel Martin with the Smith County Sheriff's Department, testified the evidence was inconsistent with Appellant's testimony that she shot Pierce, who was standing, from a seated position.

**Analysis**

Murder is a "result of conduct" offense, thus, the culpable mental state relates to the result of the conduct, i.e., the causing of the death. *Schroeder v. State*, 123 S.W.3d 398, 400

(Tex. Crim. App. 2003). A person commits murder if she intentionally or knowingly causes the death of an individual. TEX. PENAL CODE ANN. § 19.02 (b)(1) (West 2011). A person acts knowingly, or with knowledge, with respect to the result of her conduct when she is aware that her conduct is reasonably certain to cause the result. *Id*. § 6.03 (b) (West 2011).

Manslaughter is a lesser-included offense of murder because manslaughter differs from murder only in that it requires a less culpable mental state to establish its commission—recklessness—as opposed to intent. *See Gahagan v. State*, 242 S.W.3d 80, 89 (Tex. App.—Houston [1st Dist.] 2007, pet ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.09 (3) (West 2006). A person commits manslaughter if she recklessly causes the death of another. TEX. PENAL CODE ANN. § 19.04(a) (West 2011). A person acts recklessly, or is reckless, with respect to circumstances surrounding her conduct or the result of her conduct when she is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. *Id*. § 6.03(c). The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *Id*. In order for a defendant to be entitled to a jury charge on manslaughter, the record must contain some evidence that the defendant did not intend the resulting death or know that it is reasonably certain to occur. *Burnett v. State*, 865 S.W.2d 223, 229 (Tex. App.—San Antonio 1993, pet. ref'd).

Here, Appellant was charged with intentionally or knowingly causing the death of Pierce by shooting him with a firearm and by committing an act clearly dangerous to human life with the intent to cause serious bodily injury by shooting Pierce with a firearm. *See* TEX. PENAL CODE ANN. § 19.02 (b)(1), (2). The State does not dispute that manslaughter is a lesser-included offense in this case.

Appellant testified that she shot Pierce to "stop him" and requested and received a jury charge on the justification of self-defense. Generally, a manslaughter instruction will not be warranted when the accused testifies to acting in self-defense. *See Avila v. State*, 954 S.W.2d 830, 843 (Tex. App.—El Paso 1997, pet ref'd) (manslaughter charge not warranted when appellant testified he saw wife brandish a firearm, so picked up his own firearm, aimed it at wife, and fired a number of rounds); *Mock v. State*, 848 S.W.2d 215, 219 (Tex. App.—El Paso 1992, pet ref'd) ("One cannot accidentally or recklessly act in self–defense."); *Nevarez v. State*, 270 S.W.3d 691, 695 (Tex. App.—Amarillo 2008, no pet.) (where defendant in murder trial admitted

5

purposefulness of actions that led to death and argued self-defense, he was not also entitled to manslaughter charge); ***Martinez v. State***, 16 S.W.3d 845, 848 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (same).[1]  This is because intentional conduct is implicit in a claim of self-defense; thus, a defendant's testimony that she acted in self-defense effectively precludes an instruction that she committed manslaughter by acting recklessly.  *See **Avila***, 954 S.W.2d at 843.

However, even had Appellant not claimed self-defense, there is no evidence in the record that if Appellant is guilty, she is only guilty of manslaughter.  While the threshold showing is low, there must be evidence directly germane to the lesser included offense for the fact finder to consider before a lesser included offense instruction is warranted.  *See **Sweed***, 351 S.W.3d at 68. Although Appellant testified that she did not intend to kill Pierce and did not want him to die, she acknowledged that the shooting was not accidental and she knew shooting Pierce was reasonably certain to cause serious bodily injury or death.  Appellant unequivocally stated her knowledge that firing the gun at Pierce was reasonably likely to result in his death or serious bodily injury.  Thus, the evidence at trial was undisputed that Appellant acted knowingly when she shot Pierce.  *See* TEX. PENAL CODE ANN. §§ 6.03 (b); 19.02 (b)(1); *see also **Burnett**,* 865 S.W.2d at 229.  Nor is Appellant's argument that her actions after the shooting warranted a manslaughter instruction cognizable.  While her actions in only firing the gun once, calling 9-1-1, asking for help, and remaining on the scene may demonstrate regret, they do not demonstrate that she acted with a reckless mental state when she shot Pierce.

We have reviewed the entire record and conclude that no evidence existed to entitle Appellant to an instruction on the lesser-included offense of manslaughter.  *See **Burnett***, 865 S.W.2d at 229; ***Guzman***, 188 S.W.3d at 188; ***Cavazos***, 382 S.W.3d at 38; ***Rousseau***, 855 S.W.2d at 673.  Thus, the trial court did not abuse its discretion in refusing to include a jury instruction on the lesser included offense of manslaughter.  *See **Threadgill***, 146 S.W.3d at 666. We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

---

[1] In ***Alonzo v. State***, 353 S.W.3d 778 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals cited this line of cases, recognizing that the courts in ***Nevaraz***, ***Martinez***, and ***Avila*** all concluded that the defendants therein were not entitled to manslaughter instructions because they claimed at trial they "acted intentionally in self-defense, not merely recklessly."  Although the Court in ***Alonzo*** found these cases inapplicable to the situation it was considering, the Court nevertheless expressly stated that it was not calling these cases "into question."  ***Id.*** at 782.

GREG NEELEY
Justice

Opinion delivered June 29, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 29, 2018**

**NO. 12-17-00301-CR**

**LOUISE ANDERSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0913-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*